IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD C. ACKOUREY, JR.     :        CIVIL ACTION
                             :
        v.             :
                             :
LA RUKICO CUSTOM TAILOR, et al. :      NO. 11-2401

MEMORANDUM

Bartle, J.                                 July 15, 2011

        Plaintiff Richard C. Ackourey Jr., doing business as Graphic Styles/Styles International, brings this copyright infringement action under 17 U.S.C. §§ 501, et seq. against defendants La Rukico Custom Tailor ("La Rukico") and Kamal Ramchandani, also known as Mr. Kelly.  Ackourey is a citizen of Pennsylvania, while La Rukico and Ramchandani are citizens of New York.  Before the court is the motion of defendants to dismiss the complaint for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.  Defendants also move for dismissal of Ackourey's claim for statutory damages under Rule 12(b)(6).

I.

        The following facts are undisputed or viewed in the light most favorable to the nonmoving party.  Plaintiff Richard C. Ackourey, Jr., d/b/a Graphic Styles/Styles International LLC ("Ackourey"), is the owner of copyrights in two fashion stylebooks published in 2005 and 2006.  The stylebooks contain drawings of men's and women's fashion clothing styles.  Ackourey

registered his 2005 and 2006 stylebooks as compilation copyrights on January 27, 2009 and January 30, 2009, respectively. Ackourey's predecessor, Graphic Fashions, Inc., published 22 stylebooks from 1978 through 2000.  Graphic Fashions, Inc. obtained compilation copyright registrations on each of these books at some time prior to 2000.  In January 2004, Graphic Fashions, Inc. granted to Ackourey the exclusive right to reproduce all of its copyrighted work and to create derivatives of its works, including those 22 stylebooks.  Ackourey's 2005 and 2006 stylebooks included designs from these earlier stylebooks of Graphic Fashions, Inc.

Defendant La Rukico is a retail business with a single location in New York City that specializes in the sale of custom-tailored apparel for men.  La Rukico is owned by defendant Kamal Ramchandani as a sole proprietor.   La Rukico has no offices, show rooms, or other places of business in Pennsylvania. It never had any bank account or owned subsidiary companies or property in Pennsylvania.  Nor does La Rukico have any employees, sales agents, or brokers in the Commonwealth.  Ramchandani has never been to Pennsylvania.  Over the past 32 years, La Rukico has provided custom tailoring services to 102 customers who were residents of Pennsylvania.  Those customers traveled to New York to receive La Rukico's custom tailoring services.

In March 2005, defendants ordered one copy of the 2005 stylebook in issue from Ackourey's office in Pennsylvania.  In March 2006, defendants ordered one copy of the 2006 stylebook,

again from Ackourey in Pennsylvania.[1]  From approximately March
2006 through May 2008, defendants displayed on La Rukico's
website 140 images of men's and women's fashion styles that they
had copied from the 2005 and 2006 stylebooks.  These websites
were accessible throughout the United States and globally.  In or
about February 2008, defendants created a 50-page print catalogue
featuring those same images from Ackourey's stylebooks.  Each of
these 140 copied images were also present in the 22 stylebooks
published by Graphic Fashions, Inc.  Defendants distributed 147
of their print catalogs to clients by mail or hand.  Thirteen of
those catalogs were mailed to residents of Pennsylvania upon
their request.

On May 15, 2008, Ackourey's attorney sent defendants a
cease-and-desist letter.  Complying with the letter's demands,
defendants promptly removed the allegedly infringing images from
their website by May 23, 2008 and destroyed the remaining
catalogs by June 6, 2008.

On April 7, 2011, Ackourey filed his complaint in which
he alleges infringement of his copyrights.  Thereafter,
defendants filed this motion to dismiss.  The court held a
telephone conference with counsel for the parties to inquire as
to whether Ackourey wanted discovery on the issue of personal
jurisdiction before filing his responsive brief.  He did not.

---

1.  Although the complaint does not specify exactly how
defendants ordered the stylebooks, it does allege that defendants
payed for the 2005 stylebook COD with a check and paid for the
2006 stylebook by credit card.

II.

We first turn to defendants' contention that Ackourey's claim must fail for lack of personal jurisdiction. When a defendant moves to dismiss a claim under Rule 12(b)(2), the plaintiff bears the burden of showing that personal jurisdiction exists.  See Marten v. Godwin, 499 F.3d 290, 295-96 (3d Cir. 2007).  At this stage the plaintiff must establish only "a prima facie case of personal jurisdiction" and is entitled to have her allegations taken as true and all factual disputes drawn in her favor.  Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004).  Nonetheless, at this stage the plaintiff must allege "specific facts" rather than vague or conclusory assertions. Marten, 499 F.3d at 298.

The analysis for the exercise of personal jurisdiction where the plaintiff's claim involves a federal question must begin with a review of the territorial limits of service of process under Rule 4(k) of the Federal Rules of Civil Procedure. Under Rule 4(k)(1)(c), serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant when authorized by a federal statute.  Where a federal statute does not do so, Rule 4(k)(1)(c) allows a district court to obtain personal jurisdiction over a defendant "who is subject to the jurisdiction of the court of general jurisdiction in the state

where that district court is located."  Fed. R. Civ. P.
4(k)(1)(A).[2]

The Copyright Act does not confer nationwide personal
jurisdiction.  See 17 U.S.C. § 501 et seq.  Thus, we must decide
whether personal jurisdiction exists under the laws of
Pennsylvania, which provides for personal jurisdiction
coextensive with that allowed by the Due Process Clause of the
Constitution.  See 42 Pa. Cons. Stat. Ann. § 5322(b).  Under the
Due Process Clause, we may exercise personal jurisdiction only
over defendants who have "certain minimum contacts ... such that
the maintenance of the suit does not offend traditional notions
of fair play and substantial justice."  Int'l Shoe Co. v.
Washington, 326 U.S. 310, 316 (1945) (internal quotation
omitted).  A parallel inquiry is whether the defendant's contacts
with the forum state are such that the defendant "should
reasonably anticipate being haled into court there."  World-Wide
Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Two bases exist upon which a federal district court may
exercise personal jurisdiction over a nonresident defendant.
First, there is general jurisdiction to hear "any and all claims"
against out-of-state defendants "when their affiliations with the
state are so 'continuous and systematic' as to render them

---

2.  A federal district court may also assert personal
jurisdiction over a defendant who was properly joined under Rules
14 or 19 of the Federal Rules of Civil Procedure and was served
the summons not more than 100 miles from the district.  See Fed.
R. Civ. P. 4(k)(1)(B).

essentially at home in the forum state." Goodyear Dunlop Tires
Operations, S.A. v. Brown, Civ. A. No. 10-76, Slip. Op. at 2011
U.S. LEXIS 4801, at *8 (2011). Second, there is specific
jurisdiction when the claim against a party arises from or
relates to conduct purposely directed at the forum state. See
Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007)(citing
Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408,
414-15 (1984)).

        Ackourey does not urge the existence of general
jurisdiction over defendants. Instead, he asserts that the court
has specific jurisdiction. Each case involving an issue of
personal jurisdiction must necessarily be decided based on its
own particular facts. See Marten, 499 F.3d at 298.

        Ackourey stresses that defendants have a website on
which they advertise into Pennsylvania and elsewhere. In our
view the website does not lend support to the existence of
specific personal jurisdiction. While the website allows
Pennsylvania viewers and viewers in other parts of the country
and the world to request a catalog, it does not permit them to
place orders, sign up for regular electronic communication, or in
any other way interact with defendants. It is merely a passive
website. See Zippo Mfg. Co. v. Zippo Dot Com., Inc., 952 F.
Supp. 1119, 1124 (W.D. Pa. 1997); see also Toys "R" Us, Inc. v.
Step Two, S.A., 318 F.3d 446, 452-53 (3d Cir. 2003).

        On the other hand, what is especially compelling here
for purposes of specific jurisdiction is that on two occasions

-6-

defendants reached into Pennsylvania to obtain copies of Ackourey's stylebooks, the contents of which are the subject of his copyright infringement action in this court.  Defendants have also sent their allegedly infringing catalogs to 13 customers in Pennsyvlania who requested them.

These contacts with Pennsylvania are purposeful and directly relate to the pending claim of copyright infringement. They result from the actions of defendants themselves.  See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985).  Under the circumstances, defendants' contacts and connections are sufficient that they should reasonably anticipate being haled into court here.  See World-Wide Volkswagen Corp., 444 U.S. at 297.  The contacts and connections with Pennsylvania are not "random," "fortuitous," or "attenuated."  Burger King Corp., 471 U.S. at 475.  It does not offend traditional notions of fair play and substantial justice for defendants to be sued here.  See Int'l Shoe, 326 U.S. at 316.

Accordingly, we will deny defendants' motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure.

III.

Defendants have also moved for partial dismissal of Ackourey's claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Ackourey's complaint alleges that he is entitled to recover actual damages based on his established fees for use of the designs featured in the 2005 and 2006 stylebooks

-7-

as well as defendants' profits attributable to the infringing
use.  In the alternative, he seeks to recover "statutory damages
under 17 U.S.C. § 504(c) for defendants' unauthorized use and
copyright infringement of twenty-two (22) of plaintiff's
registered copyrighted works," that is those works for which
copyrights were originally issued to Graphic Fashions, Inc. and
are now owned by Ackourey.  He also seeks attorney's fees under
that same statutory provision.  Under the Copyright Act of 1976
("the 1976 Act"), 17 U.S.C. § 101 et seq., a party claiming
infringement may elect to forego actual damages in favor of an
award of statutory damages.  Defendants contend that Ackourey is
precluded from recovering statutory damages for his earlier
copyrights.[3]

        When deciding a motion to dismiss under Rule 12(b)(6)
of the Federal Rules of Civil Procedure, the court must accept as
true all factual allegations in the complaint and draw all
inferences in the light most favorable to the plaintiff.  See
Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008);
Umland v. Planco Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir.
2008).  We must then determine whether the pleading at issue
"contain[s] sufficient factual matter, accepted as true, to

_____

3.  Defendants also argue that Ackourey cannot recover statutory
damages for infringement of the 2005 and 2006 stylebooks because
he did not register those copyrights until January 2009.
However, Ackourey's complaint did not request statutory damages
for the 2005 and 2006 works.  To the extent that Ackourey does
seek damages from these works, he is precluded from doing so for
failure timely to register his copyrights.  See 17 U.S.C.
§ 412(2).

'state a claim for relief that is plausible on its face.'"
Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell
Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim
must do more than raise a "'mere possibility of misconduct.'"
Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)
(quoting Iqbal, 129 S. Ct. at 1950).  Under this standard,
"[t]hreadbare recitals of the elements of a cause of action,
supported by mere conclusory statements, do not suffice."  Iqbal,
129 S. Ct. at 1949.  On a motion to dismiss, a court may consider
"allegations contained in the complaint, exhibits attached to the
complaint and matters of public record."  Pension Benefit Guar.
Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.
1993) (citing 5A Charles Allen Wright & Arthur R. Miller, Federal
Practice and Procedure § 1357, at 299 (2d ed. 1990)).

        Section 504(c) of the Copyright Act provides in
relevant part:

            Except as provided by clause (2) of this
            subsection, the copyright owner may elect, at
            any time before final judgment is rendered,
            to recover, instead of actual damages and
            profits, an award of statutory damages for
            all infringements involved in the action,
            with respect to any one work, for which any
            one infringer is liable individually, or for
            which any two or more infringers are liable
            jointly and severally, in a sum of not less
            than $ 750 or more than $ 30,000 as the court
            considers just. For the purposes of this
            subsection, all the parts of a compilation or
            derivative work constitute one work.

17 U.S.C. § 504(c)(1).  However, there can be no award of
statutory damages or attorney's fees made under § 504(c) for "any

                              -9-

infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."  17 U.S.C. § 412(2).

It is undisputed that Akcourey registered the copyrights for the 2005 and 2006 stylebooks in January 2009, nearly three years after defendants' alleged infringement began. Thus, he is precluded from recovering any statutory damages or attorney's fees under § 504(c) for infringement of those copyrights.  However, Ackourey maintains that he is nonetheless entitled to statutory damages based on defendants' infringement of designs from the 22 earlier copyrighted stylebooks, "nearly all" or "many" of which had also appeared in the 2005 and 2006 stylebooks.  While Ackourey cannot recover statutory damages based on any allegedly infringing designs that were not present in the 22 earlier copyrighted stylebooks, he is not precluded from pursuing his claim of infringement of those designs protected by the earlier copyrights and incorporated into the 2005 and 2006 stylebooks.  See Apple Computer, Inc. v. Microsoft Corp., 821 F. Supp. 616, 628, aff'd, 35 F.3d 1435 (9th Cir. 1993).

Ackourey contends that he is entitled to 22 separate instances of statutory damages based on the infringement of the 22 earlier copyright-protected stylebooks.  Under the Copyright Act, if a defendant's infringing work copies from several different copyrighted works owned by plaintiff, the applicable

-10-

minimum statutory damages can be multiplied by the number of such infringed copyrights.  <u>See</u> <u>Rodgers v. Eighty Four Lumber Co.</u>, 623 F. Supp. 889 (W.D. Pa. 1985).  Defendants counter that Ackourey is entitled, at most, to a single instance of statutory damages because all alleged infringements were part of the 2005 and 2006 compilations.  The Copyright Act permits a plaintiff to recover only a single statutory award under § 504(c) when "all the parts of a compilation or derivative work constitute one work."  17 U.S.C. § 504(c); <u>see also</u> 4 Nimmer on Copyright § 14.04[E][1] at 14-91 (2004).  Whether Ackourey may be entitled to recover only one or multiple awards of statutory damages for the alleged infringement of the earlier copyrighted material contained in the 2005 and 2006 stylebooks cannot be determined at this stage of the litigation before any discovery has commenced.

Accordingly, the motion of defendants to dismiss Ackourey's claim for statutory damages for failure to state a claim pursuant to Rule 16(b)(6) of the Federal Rules of Civil Procedure will be granted as to statutory damages for the infringement of the copyright for the 2005 and 2006 stylebooks but otherwise denied.