```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
RICHARD C. ACKOUREY, JR.       :    CIVIL ACTION
                               :
        v.                     :
                               :
LA RUKICO CUSTOM TAILOR, et al. :   NO. 11-2401
```

<u>MEMORANDUM</u>

Bartle, J.                                              July 18, 2012

       Plaintiff Richard C. Ackourey Jr., doing business as Graphic Styles/Styles International ("Ackourey"), brings this copyright infringement action under 17 U.S.C. §§ 501, et seq. against defendants La Rukico Custom Tailor ("La Rukico") and Kamal Ramchandani, also known as Mr. Kelly ("Ramchandani"). Before the court is the motion of defendants for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The defendants ask the court to limit the plaintiff's claims for statutory damages to no more than a single award pursuant to 17 U.S.C. § 504(c).

I.

       Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>see</u> <u>also</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by ... citing to particular parts of materials in the record, including depositions,

documents, electronically stored information, affidavits or declarations, stipulations ..., admissions, interrogatory answers, or other materials; or ... showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c).

A dispute is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986). Summary judgment is granted where there is insufficient record evidence for a reasonable jury to find for the plaintiffs.  Id. at 252.  "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252.  We view the facts and draw all inferences in favor of the non-moving party. Boyle v. Cnty. of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998).  When ruling on a motion for summary judgment, we may only rely on admissible evidence. See, e.g., Blackburn v. United Parcel Serv., Inc., 179 F.3d 81, 95 (3d Cir. 1999).

II.

The following facts are undisputed or viewed in the light most favorable to the plaintiff as the nonmoving party. Ackourey works in the custom clothing business.  As part of his business, he became familiar with fashion stylebooks created by Graphic Fashions, Inc. containing drawings of men's and women's

clothing styles.  Graphic Fashions, Inc., published 22 stylebooks from 1978 through 2000.  It obtained compilation copyright registrations on each of these books at some time prior to 2000.[1]  In January 2004, when the owner of Graphic Fashions, Inc. wished to stop creating the stylebooks, he granted to Ackourey the exclusive right to reproduce all of its copyrighted works and to create derivatives of its works, including those 22 stylebooks.  On July 3, 2007, Graphic Fashions, Inc. expressly assigned to Ackourey "the entire title, right, interest, ownership and all

---

1.  These 22 prior stylebooks were named and registered as follows:  Fashions International Fall-Winter 1978-1979, Registration No. TX0000054929; Fashions International Fall-Winter 1980-1981, Registration No. TX0000539997; Fashions International Fall-Winter 1981-1982, Registration No. TX0000731329; Fashions International Spring-Summer 1982, Registration No. TX0000821050; Fashions International Fall-Winter 1982-1983, Registration No. TX0001067384; Fashions International Spring-Summer 1984, Registration No. TX0001269970; Fashions International Fall-Winter 1984-1985, Registration No. TX0001378891, Fashions International Spring-Summer 1985, Registration No. TX0001501023; Fashions International Fall-Winter 1985-1986 Registration No. TX0001662171 Fashions International Spring-Summer 1986, Registration No. TX0001714805; Fashions International Fall-Winter 1986-1987, Registration No. TX0001838271; Fashions International Fall-Winter 1987-1988, Registration No. TX0002150566; Fashions International Spring-Summer 1988, Registration No. TX0002240703; Fashions International Fall-Winter 1989-1990, Registration No. TX0002611019; Fashions International Fall-Winter 1990-1991, Registration No. TX0002902726, Fashions International Spring-Summer 1991, Registration No. TX0003053310; Fashions International Spring-Summer 1992, Registration No. TX0003229071; Fashions International Spring-Summer 1993, Registration No. TX0003446818; Fashions International Fall-Winter 1997-1998, Registration No. TX0004621545; Distinctive Fashions 1998 Registration No. TX0005253538; Fashions International Fall-Winter 1998-1999, Registration No. TX0004831173; and Fashions International Styles for Seasons 1999-2000, Registration No. TX0005037124.

subsidiary and intellectual property rights in and to" all copyrights registered to Graphic Fashions, Inc.  Ackourey thus now owns 22 separate copyright registrations in each of those prior stylebooks, none of which, we note, has been made part of the record.

In 2005 and 2006, Ackourey created his own stylebooks, which included designs from the 22 earlier stylebooks of Graphic Fashions, Inc.[2]  The 2005 stylebook contained 220 images of drawings for men's and women's fashion clothing styles.  Ackourey registered his 2005 and 2006 stylebooks as compilation copyrights on January 27, 2009 and January 30, 2009, respectively.  Notices in Ackourey's 2005 and 2006 stylebooks prohibited reproducing the images in the books without express permission.  While Ackourey did not license any of the images in 2005, he entered into two licensing agreements in 2006.  He licensed Southwick Clothing Corporation ("Southwick") for four images for $6,000 and WebLinc, LLC for two images for $5,000.  Southwick also paid Ackourey to produce a custom stylebook for it.  Ackourey sold between 250 and 350 units of this custom stylebook to Southwick.

Defendant La Rukico is a retail business in New York that specializes in the sale of custom-tailored apparel for men.  La Rukico is owned by defendant Ramchandani as a sole proprietor.

---

2.  The 2005 stylebook was the Graphic Styles International Stylebook Best of Seasons through Spring and Summer 2005, Registration No. TX0006956655, and the 2006 stylebook was the Graphic Styles International Stylebook, Best of Seasons 2006, Registration No. TX0006956762.

In March 2005, defendants ordered one copy of Ackourey's 2005 stylebook, and in March 2006, they ordered one copy of his 2006 stylebook.  From approximately March 2006 through May 2008, defendants displayed on La Rukico's websites – www.hongkongcustomtailor.com and www.tailor.com - 140 images of men's and women's fashion styles that they had copied from the 2005 stylebook.  In or about February 2008, defendants also created a 50-page print catalogue featuring those same images from Ackourey's 2005 stylebook.  Ramchandani acknowledged that he read the copyright notice in the stylebook but ignored it.  Although the defendants ordered both the 2005 and 2006 stylebooks, there is no evidence that they copied any of the images out of the 2006 stylebook.  Indeed, Ackourey conceded in his deposition that the defendants only copied from the one created in 2005.

On May 15, 2008, Ackourey's attorney sent defendants a cease-and-desist letter.  Complying with the letter's demands, defendants promptly removed the allegedly infringing images from their website by May 23, 2008 and destroyed the remaining catalogs by June 6, 2008.  Ackourey filed this action on April 7, 2011.

### III.

Under the Copyright Act, the owner of a registered copyright that has been infringed may elect at any time before final judgment is rendered to recover either actual damages and the infringer's profits or statutory damages.  See 17 U.S.C.

§ 504.  Collecting statutory damages avoids the necessity of trying to prove actual damages or any profits obtained by the infringer.  See id.  Statutory damages, however, are not always permitted.  While actual damages and profits may still be recouped, there can be no award of statutory damages or attorney's fees under § 504(c) for "any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."  17 U.S.C. § 412(2).

      The defendants concede that they infringed the copyright of Ackourey's 2005 stylebook.[3]  Nonetheless, Ackourey does not seek statutory damages for the infringement of the 2005 and 2006 stylebooks because he did not register these copyrights until January 2009, nearly three years after defendants' alleged infringement began and over six months after it ended.

      Instead, Ackourey requests statutory damages only as to the 22 previous stylebooks from which images were used in the 2005 stylebook.  The defendants counter that even if they infringed the 22 compilation copyrights when they infringed the 2005 stylebook, Ackourey is not entitled to more than one award of statutory damages under § 504(c) of the Copyright Act, which provides in relevant part:

> [T]he copyright owner may elect, at any time before final judgment is rendered, to

---

3.  There is no evidence of infringement of the 2006 stylebook.

-6-

> recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $ 750 or more than $ 30,000 as the court considers just.  <u>For the purposes of this subsection, all the parts of a compilation or derivative work constitute one work</u>.

17 U.S.C. § 504(c)(1) (emphasis added).  Thus, the Copyright Act provides that there can be only one award of statutory damages for one work, no matter how many infringements of that work occur.  <u>Id.</u>; <u>see also</u> <u>Walt Disney Co. v. Powell</u>, 897 F.2d 565, 569 (D.C. Cir. 1990).  In addition, as noted above, "all the parts of a compilation or derivative work constitute one work." 17 U.S.C. § 504(c)(1).  Here we have 22 compilations.

Where a plaintiff independently copyrights a work such as a song and then compiles it into a copyrighted album with other songs, copying the album entitles the plaintiff to one, not two, statutory damages awards because the song is part of a compilation.  <u>Bryant v. Media Right Prods., Inc.</u>, 603 F.3d 135, 140-41 (2d Cir. 2010).  If a plaintiff may recover only one award under those circumstances, we see no reason why the result should be different when the same copied image appears in two or more copyrighted stylebooks rather than as a stand-alone copyrighted image and an identical image in a copyrighted compilation. Accordingly, if an image appears in more than one copyrighted compilation, as seems to have occurred here, only one statutory damages award is available to the extent of any duplication.

Regardless of the number of awards, we note that the amount of a statutory damages award under the Copyright Act is a range which provides the fact-finder with certain flexibility to make the appropriate award under the circumstances of the particular case.  The statute also differentiates for purposes of statutory damages between the amounts to be awarded for willful infringement and accidental infringement of any works.  See 17 U.S.C. § 504(c)(2).

In considering the defendants' pending motion for summary judgment, the court faces a threshold problem.  Neither party has pointed to anything in the record to establish exactly what images were contained in each of the 22 stylebooks in issue.  We do not know which or how many of the total of 140 images admittedly copied by defendants were in each of these works.[4]  For example, if there was a stylebook that contained one or more infringed images not found in any other stylebook, one award of statutory damages would be available for that infringement without regard to any awards related to other images in other stylebooks.  If a number of the same infringed images appeared in two or more stylebooks, only a single award would be permitted for the infringements of those images.  If none of the 22 stylebooks contains all 140 of the copied images, clearly there

---

4.  The plaintiff produced a list of drawings infringed which included the stylebook each drawing first appeared in and that stylebook's copyright, but this does not inform the court whether the drawings appeared in later stylebooks after their first appearances.

would be more than one statutory award, depending on what images appeared in what stylebooks.

Without knowing the contents of the 22 prior stylebooks, we must deny the motion of the defendants for partial summary judgment as it relates to these works.  The motion will be granted in favor of the defendants so as to preclude plaintiff from recovering statutory damages as to the 2005 and 2006 stylebooks.